IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORTHWEST VOYAGERS, LLC., ) | |
| ) | |
| Plaintiff, ) | Case No. CV09-378-C-EJL |
| ) | |
| vs. ) | MEMORANDUM DECISION |
| ) | AND ORDER |
| STEVE LIBERA, et al, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Northwest Voyageurs, LLC, initiated this action in state court against Defendants Steve Libera and Bob Wilke, alleging defamation and interference with prospective economic advantage. Defendants removed the matter to federal court and filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction. Plaintiff opposes the motion. The Motion to Dismiss is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

**Standards on the Motion to Dismiss**

Plaintiff has the burden to establish the existence of personal jurisdiction against Defendants on the claims asserted in the Complaint. Data Disc, Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1289 n. 8 (9th Cir. 1977). To avoid Defendants' Motion to Dismiss, Plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting [a *prima facie* finding of] personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986); see also Data Disc, 557 F.2d at 1285. Where, as here, the Motion to Dismiss will

MEMORANDUM DECISION AND ORDER - Page 1
09ORDERS\Northwest_WPD

be decided solely on written submissions, the Court must take Plaintiff's uncontroverted allegations in the Complaint as true and resolve "[a]ll factual disputes ... in the plaintiff's favor." Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987).

## Background

Plaintiff is an outdoor adventure company with its principle place of business and operations located in Pollock, Idaho. Among other services, Plaintiff offers a trip to climb Mount Kilimanjaro in Tanzania, Africa (the "Kilimanjaro trip"). Defendants took part in a Kilimanjaro trip in January of 2009. Defendants assert that during the trek up Kilimanjaro Plaintiff provided them with contaminated drinking and cooking water. Defendants became sick during the trip.

Defendants saved two samples of the water they were provided during the trip and arranged for them to be tested after their return to the United States. The test results indicated the samples were unsafe for human consumption. Defendants sent an email and a letter to Plaintiff in Idaho seeking a partial refund and advising Plaintiff that if the refund wasn't paid "you will leave us with no alternative but go public with the information and hopefully prevent others from having a similar experience with you." (Decl. of Andrew Nachman, Ex. A at 2 & Ex. D at 2).

Subsequently, the Defendants sent emails to current and/or former business partners of the Plaintiff. Defendants also made numerous internet postings to travel related web sites. Plaintiff alleges that the emails and internet postings contained false and defamatory statements. Plaintiff further alleges that its business has been severely impacted by the Defendants' actions. Consequently, Plaintiff filed the present action seeking damages and injunctive relief.

## Law of Personal Jurisdiction

In this diversity case the Court's power to exercise personal jurisdiction over a non-resident defendant is limited both by the applicable state personal jurisdiction statute (long arm statute) and the Due Process Clause. See Sher v. Johnson, 911 F.2d 1357, 1360 (9th

Cir. 1990) (citing Data Disc, 557 F.2d at 1286)). Idaho's long arm statute provides in pertinent part:

> Acts subjecting person to jurisdiction of courts of state.
>
> Any person, firm company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of this court of this state as to any cause of action arising from the doing of any said acts:
>
> (a) The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation;
>
> (b) The commission of a tortuous act within the state;

Idaho Code § 5-514. However, as the Ninth Circuit has previously recognized, the Idaho Legislature intended, in adopting the long arm statute, to exercise all of the jurisdiction available under the Due Process Clause. Lake, 817 F.2d at 1420 (citing Doggett v. Electronics Corp. of Am., 454 P.2d 63, 67 (Idaho 1969)). Thus, the state and federal limits are co-extensive, and an independent review of whether jurisdiction exists under the long arm clause is unnecessary. Id.; see also Data Disc, 557 F.2d at 1286 & n.3; Moxie Java Intern., LLC v. Cornucopia Beverages, Inc., No. CV-07-535-S-BLW, 2009 WL 187893, at *2 & n.3 (D. Idaho Jan 23, 2009).

Due process requires that in order for a non-resident defendant to be haled into court the defendant must have certain minimum contacts with the forum state such that the traditional notions "'of fair play and substantial justice'" are not offended. See Sher, 911 F.2d at 1361 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). Additionally, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" Sher, 911 F.2d at 1361 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). The focus in a personal jurisdiction determination is primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

MEMORANDUM DECISION AND ORDER - Page 3
09ORDERS\Northwest_WPD

States may exercise general or specific jurisdiction over non-resident defendants. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 nn.8-9 (1984). General jurisdiction can be asserted when the defendant's activities in the forum state are "continuous and systematic" or "substantial." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 447 (1952). When specific jurisdiction is asserted, the Ninth Circuit has used a three part test which requires (1) that defendant took some action "whereby defendant purposefully avails himself or herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws," (2) that the claim arose out of defendant's activities in the forum state, and (3) that exercising jurisdiction is reasonable. Cubbage v. Merchent, 744 F.2d 665, 668 (9th Cir. 1984).

The purposeful availment requirement in the analysis is used to make a qualitative evaluation of the defendant's contacts with the forum state. See Lake, 817 F.2d at 1421. The defendant's acts to purposefully avail himself or herself to the benefits and laws of this state is important because it is presumed that it is not unreasonable to then expect the defendant to submit to litigation in the forum as well. See id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)). The second requirement, that the litigation arise out of the defendant's contacts with the forum state, determines how closely connected defendant's actions in the forum state were to the harm that is being alleged. See Lake, 817 F.2d at 1421. While in a case of general jurisdiction, where defendant has had continuous and substantial interaction with the forum state, no relationship between that interaction and the harm is necessary, in a case of specific jurisdiction, where there may have only been a single contact with the forum state, the relationship between that contact and the harm must be very close. See id. (citing International Shoe, 326 U.S. at 318).

The Ninth Circuit provides a number of factors to consider in determining the third factor of reasonableness in an effort to preserve the "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. These factors include: (1) the extent of defendant's involvement in affairs in the forum state, (2) the burden of the defendant to defend in the forum, (3) the extent of the conflict with the sovereignty of

defendant's home state, (4) the forum's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the importance of the forum in protecting plaintiff's interest in convenient and effective relief, and (7) the existence of an alternate forum. See Terracom v. Valley Nat'l Bank, 49 F.3d 555, 561 (9th Cir. 1995) (citing Core-Vent v. Nobel Indus. AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

## Discussion

As there is no evidence that during the time-frame at issue the Defendants had continuous or substantial contact with Idaho, the Court will only address whether specific jurisdiction is appropriate. In support of a specific jurisdiction determination, the Plaintiff contends among other things that (1) after the Kilimanjaro trip, the Defendants contacted the Plaintiff in Idaho by email and by letter demanding a refund and threatening to cause economic harm to Plaintiff unless the refund was paid; (2) subsequently, Defendants published statements to travel related web sites on the internet and sent emails to Plaintiff's business partners and prospective business partners; (3) the internet postings and emails contained false statements regarding Plaintiff's conduct during the Kilimanjaro trip; (4) Defendants recklessly and knowingly made the false statements with the express intent and purpose of damaging the Plaintiff's reputation; (5) Defendants' actions have caused Plaintiff substantial injury in Idaho; and (6) Defendants knew that Plaintiff was a company located in Idaho and knew that the damage caused by their actions would impact the Plaintiff in Idaho. (Pl.'s Complaint ¶¶ 16-20; Decl. of Andrew Nachman ¶¶ 6-28; Pl.'s Mem. in Opp'n at 3-6).

It is important to reiterate that although the Defendants dispute certain of the Plaintiff's assertions, at this stage of the litigation the Court must presume that the facts set forth by the Plaintiff are true. See, e.g., Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1085 (9th Cir. 2000) (stating that where the district court does not hold an evidentiary hearing it is proper to presume the facts set forth by plaintiff can be proven); see also AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (explaining that uncontroverted allegations in plaintiff's complaint must be taken as true, and conflicts

between the facts contained in the parties' affidavits must be resolved in plaintiff's favor); Data Disc, 557 F.2d at 1285.

In this tort-based action, the purposeful availment requirement focuses on a purposeful direction analysis. See, e.g., Schwarzenegger v. Fred Martin Motor Company, 374 F.3d 797, 801, 802 (9th Cir. 2004). The "purposeful direction" prong "requires that the defendant have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. at 803.

Defendants do not dispute that by posting comments to internet sites and by sending emails to various recipients they "committed an intentional act." Instead they argue that "there can be no 'express aiming' at Idaho as required by [Ninth Circuit case law] . . . "[b]ecause the emails were expressly aimed at recipients outside of Idaho . . . . [and] the web sites in this case were passive and not directed at Idaho . . . ." (Defs.' Reply at 10).

The Defendants' argument, however, fails for several reasons. Most fundamentally, Defendants appear to believe that the "express aiming" requirement can only be satisfied if the communications at issue were sent to and received in the forum state. But that is not true. As the Ninth Circuit explained in Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082 (9th Cir. 2000): "From the available cases, we deduce that the [express aiming] requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." Id. at 1087 (relying on Calder v. Jones, 465 U.S. 783, 789 (1984)). Thus, to fit within the "express aiming" requirement the Defendants need not have sent their allegedly defamatory emails and internet postings to Idaho – the wrongful conduct could have occurred elsewhere – so long as the Defendant's purpose in disseminating those communications was to target the Plaintiff in Idaho. See, e.g., Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (explaining that the "test focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum").

In Bancroft & Masters the Ninth Circuit addressed a fact pattern analogous to the allegations in the present action. There, the defendant Augusta National Inc. ("ANI"), based in Georgia, sent a letter to Network Solutions, Inc. ("NSI"), in Virginia, contending that plaintiff Bancroft & Masters, Inc. ("B & M"), located in California, was improperly using its domain name. ANI also sent a cease and desist letter to B & M in California. The Ninth Circuit found personal jurisdiction over ANI in B & M's California lawsuit for the following reasons:

> The claims in this case center on ANI's letter to NSI in Virginia, which forced B & M to bring suit [in California] or lose control of its website. . . . B & M's complaint contends that ANI deliberately triggered NSI's dispute resolution procedures not only to defend its own trademarks but also to interfere wrongfully with B & M's use of its domain name and to misappropriate that name, "masters.com," for ANI's own use. . . . ANI acted intentionally when it sent its letter to NSI [in Virginia]. The [Virginia] letter was expressly aimed at California because it individually targeted B & M, a California corporation doing business almost exclusively in California. Finally, the effects of the letter were primarily felt, as ANI knew they would be, in California.

Bancroft & Masters, 223 F.3d at 1087-88; see also Yahoo!, 433 F.3d at 1208 (summarizing the facts and holding in Bancroft & Masters).

Here, the Defendants sent an email and a letter to the Plaintiff in Idaho, and then sent emails to recipients in other states and made internet postings at numerous out-of-state web sites. All of the emails and internet posting allegedly contained defamatory statements for the "express intent and purpose of damaging the reputation" of the Plaintiff in Idaho. (Pl.'s Mem. in Opp'n at 4). In upholding personal jurisdiction in Bancroft & Masters the Ninth Circuit relied on no less than five prior decisions, all of which apply equally here:

> In Metropolitan Life Insurance Co. v. Neaves, 912 F.2d 1062 (9th Cir.1990), we held that an Alabama resident could be haled into a California court on the basis of a letter she sent to an insurance company representing that she was entitled to an insurance payment that actually belonged to a California resident. We stated that under Calder, *it was irrelevant where the letter was sent. The critical factor was that in sending the letter, the defendant "was purposefully defrauding [plaintiff] in California."* 912 F.2d at 1065. Similarly, in Brainerd v. Governors of the University of Alberta, 873 F.2d 1257 (9th Cir. 1989), we held that an Arizona court could exercise specific jurisdiction over Canadian residents who, in response to telephone calls directed to them in Canada, made statements that allegedly defamed a person they knew resided

> in Arizona. Id. at 1259-60. Even though the Canadian defendants had not initiated the telephone calls, the *statements they made about the plaintiff during the conversations were not "untargeted negligence" but rather were "performed for the very purpose of having their consequences felt in the forum state."* Id. See also Gordy v. Daily News, L.P., 95 F.3d 829, 833 (9th Cir.1996) (holding that *specific jurisdiction existed in light of evidence of "targeting" of the plaintiff, who was a forum resident*); Lake v. Lake, 817 F.2d 1416, 1422-23 (9th Cir.1987) (holding that specific jurisdiction existed where *defendant performed foreign acts for the purpose of having their consequences felt in the forum state*); Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1398 (9th Cir.1986) (*finding purposeful availment where forum effect of a foreign act "was not only foreseeable, it was contemplated and bargained for"*).

Bancroft & Masters, 223 F.3d at 1087-88 (emphasis added). Given this case law, the Court finds that the Defendants' dissemination of the allegedly defamatory statements, by email and posting on web sites, was expressly aimed at the Plaintiff in Idaho, and that the effects of the Defendants' alleged wrongful actions were felt by Plaintiff in Idaho, as the Defendants intended.[1] Id.

The second requirement of specific jurisdiction provides that the cause of action must be closely related to the defendant's actions in the forum state. In this regard, the Ninth Circuit has adopted a "but for" test. See, e.g., id. at 1088. Here, "but for" Defendants' alleged wrongful conduct, Plaintiff would not have suffered its injuries. Therefore, this element is satisfied. See id.

As for the third and final consideration: "Once purposeful availment has been established, the forum's exercise of jurisdiction is *presumptively reasonable*. To rebut that presumption, a defendant 'must present a *compelling* case' that the exercise of jurisdiction would, in fact, be unreasonable." Roth v. Garcia Marquez, 942 F.2d 617, 625 (9th Cir.1991) (emphasis in original). Considering all seven factors, Defendants have failed to present a compelling case that jurisdiction is unreasonable.

---

[1] Of course, the Plaintiff continues to have the burden of establishing the existence of personal jurisdiction throughout this action, including the full burden of proof by a preponderance of the evidence at trial. See, e.g. Lake, 817 F.2d at 1420 ("Presenting a prima facie case of jurisdiction, however, does not necessarily guarantee jurisdiction over the defendant at the time of trial.").

MEMORANDUM DECISION AND ORDER - Page 8
09ORDERS\Northwest_WPD

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (docket nos. 4 & 9) is **DENIED**.

DATED: **October 19, 2009**

Honorable Edward J. Lodge
U. S. District Judge